STATE OF MISSOURI, Respondent, v. I. B. BALES, Appellant.

Springfield Court of Appeals, July 7, 1910.

1. CRIMINAL LAW: Violating Local Option Law: Sufficiency of Evidence. Defendant was charged and convicted of violating the Local Option Law. The evidence is examined and held sufficient to justify the conviction on both the questions of sale and on the intoxicating tendencies of the beverage sold.

2. ———: ———: ———. Where the evidence showed that defendant sold intoxicating liquor in a county where the Local Option Law was in force, it makes no difference that some other person was conducting the business at the place where the liquor was sold.

Appeal from Pemiscot Circuit Court.—*Hon. George H. Williams,* Judge.

AFFIRMED.

*Duncan & Bragg* for appellant.

*B. A. McKay* for respondent.

GRAY, J.—On the 2nd day of September, 1907, the prosecuting attorney of Pemiscot county filed an information in the office of the circuit clerk, charging that the defendant sold intoxicating liquors in said county on the 28th day of August, 1907, and further alleging that the Local Option Law was then in force in said county.

On the first day of February, 1908, the cause was tried before Honorable George H. Williams, a jury being waived, resulting in the conviction of the defendant, and from which he appealed.

It was admitted that the Local Option Law was in force in the county on the 27th day of July, 1907. The State relied for a conviction on the testimony of J. W. Stout. Mr. Stout testified that about the 28th day of August, 1907, he purchased from the defendant a drink which the defendant called "Regal Tonic;" that he drank the contents of the bottle and it tasted like a poor class of beer to him, and that he paid fifteen cents for it; that he had on previous occasions purchased and used the same "Regal Tonic" and had become intoxicated from its use. The witness further testified that he had seen other persons purchase and use the tonic, and after so doing, they acted as though they were intoxicated.

The defense offered testimony tending to prove that the defendant was not conducting the place of business where the tonic was purchased, and that the same was being conducted by a man by the name of Criss; that the defendant had been previously convicted for the same offense, and that the "Regal Tonic" was not an intoxicating liquor.

In as much as Mr. Stout testified that he purchased the tonic directly from the defendant, it made no difference whether the defendant or Criss was conducting the business.

The defendant had entered a plea of guilty on the 18th day of July, 1907, to the charge of unlawfully selling intoxicating liquors. No testimony was offered, but the name of Mr. Stout appeared on the information as one of the witnesses for the State. Mr. Stout testified that the sale he had just testified to was made after the plea of guilty on the other information.

The defendant offered several witnesses to prove that the tonic contained a very small per cent of alcohol, and that it was not intoxicating. The testimony shows that the bottles were labeled, and that certain words and directions were written thereon. Just what these words were, is not shown in the bill of exceptions, although the testimony does show that the labels were seen and examined by the court. We gather therefrom, however, that the trial court's attention was called to the fact that "Regal" spelled backward spells "Lager," and that there were directions on the labels to read them backward. But even without this, the State's testimony tended to prove that the tonic was intoxicating, and that it tasted like beer, and it was sold by the defendant, as charged in the information, and from this testimony the trial judge was justified in finding the defendant guilty. No instructions were asked or given, and, therefore, there is nothing in the record to show that the trial court erred in applying the law to the facts of the case.

No briefs have been filed in this court, but we have examined the testimony and do not find any errors committed that justify a new trial of the case. Accordingly the judgment will be affirmed. All concur.